UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APRIL-LASHELLE CLARK, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES SOCIAL SECURITY )<br>ADMINISTRATION, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 25-3321 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the Court on review of plaintiffs' applications to proceed *in forma pauperis* and *pro se* civil complaint. The Court GRANTS the applications and, for the reasons stated below, DISMISSES the complaint and this civil action without prejudice.

The Court has reviewed plaintiffs' complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than are applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

1

April-Lashelle Clark purports to be "attorney-in-fact for Plaintiff [Kenneth] Hill," Compl. ¶ 5, a disabled adult, *see id.* ¶ 6.[1] Plaintiffs allege all manner of misconduct regarding Mr. Hill's application for or receipt of Social Security and Medicare benefits, from fraud, *see, e.g., id.* ¶¶ 19, 22, to Mr. Hill's alleged enslavement, *see, e.g., id.* ¶ 21. But the complaint offers nothing more than vague and conclusory assertions which utterly fail to articulate a viable legal claim against any of the named defendants. As drafted, the complaint fails to meet the minimum pleading standard set forth in Rule 8, and it will be dismissed.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: November 24, 2025

TREVOR N. McFADDEN
United States District Judge

---

[1] The Court notes that, by filing this civil action in the District of Columbia, Ms. Clark evades the injunction order entered against her in the Southern District of Ohio. *See* Opinion & Order, *Clark v. Williams*, No. 2:23-cv-4201 (S.D. Ohio May 15, 2024) (ECF No. 23) (deeming Clark a vexatious litigator who, in order to file new civil cases, must either: (1) retain counsel to support her in any future litigation endeavors; or (2) submit a statement from an attorney licensed to practice in [the Southern District of Ohio] or the State of Ohio certifying that there is a good faith basis for the action or paper she seeks to file).